FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 3 0 2001

at 5 o'clock and 10 min P M
WALTER A.Y.H. CHINN, CLERK

ELLIOT ENOKI
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: 541-2850

RALPH F. BOYD, JR.
Assistant Attorney General
CIVIL RIGHTS DIVISION
    LOU DE BACA
    SUSAN FRENCH
    ROBERT MOOSSY
Criminal Section
601 D Street N.W.
Washington, D.C. 20004

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA | ) | Case No. CR01-00132 SOM |
|---|---|---|
| v. | ) | |
| | ) | 18 U.S.C. § 241 |
| | ) | 18 U.S.C. § 1584 |
| KIL SOO LEE, (01) | ) | 18 U.S.C. § 1594 |
| aka "Gil Soo Lee", | ) | 18 U.S.C. § 1951 |
| aka "Sa"; | ) | 18 U.S.C. § 1956 |
| VIRGINIA SOLIA'I; (02) | ) | 18 U.S.C. § 1014 |
| aka "Julia" | ) | 18 U.S.C. § 215(a)(1) |
| ROBERT ATI MALALA (03) | ) | 18 U.S.C. § 2 |
| aka Tagovailoa, | ) | |
| | ) | |
| Defendants | ) | FIRST SUPERSEDING INDICTMENT |
| | ) | |

THE GRAND JURY CHARGES:

INTRODUCTORY ALLEGATIONS

1. Defendants KIL SOO LEE, VIRGINIA SOLIA'I, and ROBERT ATI MALALA ("defendants") were responsible for operating a

garment factory known as Daewoosa Samoa Ltd ("Daewoosa," or "the factory") in Pago Pago, American Samoa.

2. A basic operating principle of Daewoosa was to profit from the manufacture of garments, using sweatshop labor performed by a captive work force of imported workers from Vietnam and China.

3. The factory's work force consisted of Samoan workers and workers from Vietnam and China who had been brought into American Samoa specifically to work for Daewoosa. These foreign workers were admitted into American Samoa under Daewoosa's sponsorship, pursuant to a worker importation provision of the American Samoa immigration laws.

4. Chinese workers were recruited by KIL SOO LEE, through a labor broker in China. Recruits had to pay fees of approximately $7,000 to get the job.

5. Vietnamese workers were primarily recruited through two "tour companies." These "tour companies" were labor exporting entities established by the Socialist Republic of Vietnam. Recruits had to pay fees of approximately $4,000 to get the job, equivalent to approximately seven (7) to nine (9) years' salary in Vietnam. The workers had to sign contracts agreeing to work for three years, and had to agree to a penalty clause of at least $5,000 if they were sent home for disobeying any company rules.

6. Upon the delivery of the Chinese or Vietnamese workers to the Daewoosa operation in American Samoa, defendants KIL SOO

LEE and others known to the grand jury would confiscate the workers' passports and any return airplane tickets in their possession.

7.   The defendants and their recruiters guaranteed the Vietnamese and Chinese workers a base salary of approximately $400 per month, regardless of the availability of work.  The defendants and their recruiters misrepresented that the workers would receive free room, board, and medical care.  However, the defendants did not regularly pay the workers the wages owed, sometimes working them in the factory for months without pay while assessing them up to $200 per month for room and board cloaked as "management fees."  The defendants created a situation which resulted in workers having negative payroll balances in some months.

8.   The defendants required the Vietnamese and Chinese guest workers to live on the Daewoosa factory grounds ("the compound").  The compound contains the factory itself, barracks, cafeteria, offices, and shipping containers, and is surrounded by a fence.  The only exit, in the front of the compound, is controlled by a gate, which was kept under 24-hour watch by security guards supervised by the defendants.  The Vietnamese and Chinese workers' free entry and exit was limited by company rules.

9.   On several occasions, to punish the Vietnamese and Chinese workers for complaining about labor conditions at the

factory such as the lack of pay, the defendants confined the workers in the factory compound for several days at a time, locking the factory gates to prevent workers from leaving the compound and at times denying them food.

10. To punish Chinese and Vietnamese workers for complaining about labor conditions at the factory such as lack of pay or being locked in, the defendants, using the American Samoa Department of Public Safety ("Police Department" or "the police") to enforce their actions, caused several workers who they considered to be "troublemakers" to be deported from American Samoa, knowing that the workers' contracts carried an unconscionable financial penalty for termination.

11. Throughout the period of the conspiracy, the defendants, and Daewoosa managers and security guards working on their behalf, used force and threats of force and intimidation against workers they considered disobedient.

12. Throughout the year 2000, regulatory action and court rulings lessened the ability of the Defendants to use deportations, denial of pay, and confiscation of immigration documents to keep the workers compliant. Defendants escalated to more overt violence as a way to compel the workers' obedience and continue production.

13. To enforce their will on the Vietnamese workers and to ensure the completion of an important order, the defendants authorized a Samoan line supervisor in the plant to have the

Vietnamese workers beaten if they were disobedient or failed to work. The beating that followed resulted in permanent and serious injuries to two of the Vietnamese workers.

14. The defendants maintained their Vietnamese and Chinese workers in a condition of involuntary servitude. The defendants conspired to compel such involuntary servitude by threats, by force, by arrests and deportations, and by physically confining and isolating the Vietnamese and Chinese workers inside the Daewoosa compound in conditions intended to suppress resistance to the defendants' authority.

## COUNT ONE

(Conspiracy Against Rights)

1. The Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2. From in or about August 1998 until in or about January 2001, within the territory of American Samoa and elsewhere, the defendants, KIL SOO LEE, VIRGINIA SOLIA'I, and ROBERT ATI MALALA, and others known and unknown to the grand jury, did knowingly and intentionally conspire to injure, oppress, threaten and intimidate persons, that is, approximately 250 Vietnamese and Chinese garment workers, in the Territory of American Samoa and elsewhere in the free exercise and enjoyment of the rights and privileges secured to them by the Constitution and laws of the

United States, that is, the right to be free from involuntary servitude, as secured by the Thirteenth Amendment of the United States Constitution. Manner and Means

3. It was part of the conspiracy that the defendants, KIL SOO LEE, VIRGINIA SOLIA'I, and ROBERT ATI MALALA, and others known to the grand jury, used force and violence, threats of force and violence, threats of legal coercion, and legal coercion against the Vietnamese and Chinese garment workers to compel them to labor in the Daewoosa factory and to maintain them as a compliant labor force for the defendants.

4. It was part of the conspiracy that the defendants, KIL SOO LEE, VIRGINIA SOLIA'I, and ROBERT ATI MALALA, and others known to the grand jury, created coercive conditions that made the Chinese and Vietnamese garment workers more susceptible to being placed in a condition of involuntary servitude: housing them in a fenced compound with guards, confiscating their passports, insisting on standard contracts with severe economic consequences for non-compliance with defendants' orders, and using cancellation of sponsorships and deportations to punish workers who complained about lack of pay or bad working and living conditions.

Overt Acts

5. In furtherance of the conspiracy and to effect the objectives thereof, within the Territory of American Samoa and elsewhere, the defendants, together with others, committed and

caused to be committed at least one of the following overt acts, among others:

    a.    In or about August 1998, in the People's Republic of China, KIL SOO LEE and a person known to the grand jury recruited Chinese workers, including BGH, then a 26 year-old Chinese worker, to travel to American Samoa to work in the Daewoosa factory, deceiving BGH about the basic conditions of his life and work in the Daewoosa factory and charging him $7,600 in fees; on his arrival in American Samoa, KIL SOO LEE confiscated and held BGH's passport.

    b.    On or about the fall of 1998 and the spring of 1999, KIL SOO LEE entered into contractual relationships with Vietnamese labor suppliers, International Manpower Supply ("IMS") and Tour Company 12, to have Vietnamese workers sent to American Samoa to labor in the Daewoosa garment factory.

    c.    In or about February 1999, KIL SOO LEE transported approximately 20 Vietnamese workers, including DTG, then a 22 year-old Vietnamese woman; LBT, then a 26 year-old Vietnamese woman; and VTH, then a 25 year-old Vietnamese woman, from the Pago Pago airport to the Daewoosa factory, the women having arrived in American Samoa via Honolulu, Hawaii.

    d.    On March 15, 1999, ROBERT ATI MALALA called officers from the American Samoa Department of Public Safety to the compound to arrest and deport Chinese workers for complaining to KIL SOO LEE about lack of pay and poor working/living conditions.

    e.   On or about March 27, 1999, KIL SOO LEE threw food at the workers and ordered the cooks not to feed DTG, LBT, VTH, and other Vietnamese garment workers, after they had complained to KIL SOO LEE about the poor working and living conditions and lack of pay and had requested LEE's permission to stop working until pay was forthcoming.

    f.   From on or about March 28, 1999, through March 31, 1999, defendants KIL SOO LEE and ROBERT ATI MALALA directed Daewoosa security guards to close and lock the gates and restrain the Vietnamese workers, including DTG, LBT, and VTH, within the compound.

    g.   On or about March 29, 1999, KIL SOO LEE demanded that Vietnamese workers relinquish their Samoan guest worker identification cards to him, exposing them to criminal sanction under American Samoan immigration law.

    h.   On or about March 29, 1999, after Vietnamese garment workers refused to relinquish their Samoan guest worker identification cards to him, KIL SOO LEE decided to terminate his sponsorship of those Vietnamese he considered to be the ringleaders of the complaining workers, and directed a person known to the grand jury to call the American Samoa Department of Legal Affairs Immigration Division and the American Samoa Department of Public Safety to send officers to the compound to deport the workers.

    i.   On or about March 29, 1999, KIL SOO LEE, in the company

of police officer who had been called to the factory on his behalf, searched the workers' barracks in the compound for NTT, then a 28 year-old Vietnamese female garment worker ("NTT-1"), and NTT, then a 31 year-old Vietnamese female garment worker ("NTT-2"), and BTT, then a 27 year-old Vietnamese female garment worker, who he wanted deported for what he perceived as their role in organizing work stoppages over lack of pay.

j.  On March 29, 1999, a Korean Daewoosa assistant manager known to the grand jury retrieved the previously confiscated passports of NTT-1, NTT-2, and BTT from the Daewoosa office, and gave them to the police to use them to search for and identify the women that KIL SOO LEE wanted deported.  NTT-1 and NTT-2 were taken to the hospital because they fainted during the police action.

k.  On March 29, 1999, ROBERT ATI MALALA called the police to arrest BTT, who, he informed the officers, had escaped from the compound.  BTT was arrested, identified by ATI MALALA, taken to the American Samoa correctional facility, and incarcerated until she was deported.

l.  On March 29, 1999, ROBERT ATI MALALA called the police to the factory, falsely accusing a local missionary, who was talking through the fence to the locked-in workers, of trying to start a riot.

m.  On March 29, 1999, KIL SOO LEE and VIRGINIA SOLIA'I transported NTT-1 and NTT-2 from the LBJ Memorial Hospital, where

they had been taken for fainting during the police action, to the police substation and identified them as the workers they wanted to have deported.

n.  On or about July 27, 1999, at the Pago Pago airport, KIL SOO LEE collected the passports of approximately 25 Vietnamese workers recruited by Tour Company 12 ("Tour Company 12 group"), including VTQ, then a 29 year-old female Vietnamese garment worker.

o.  In July and August 1999, KIL SOO LEE informed arriving Vietnamese guest workers brought in by Tour Company 12 that they would be punished if they mixed with or talked to guest workers brought in by IMS tour company ("the IMS group"), who he characterized as troublemakers.

p.  On June 6, 2000, VIRGINIA SOLIA'I called the police to arrest HBD, then a 25 year-old male Vietnamese garment worker, and NNT, then a 27 year-old female Vietnamese garment worker, at the recommendation of a Tour Company 12 official ("the official") known to the grand jury, who submitted a statement accusing them of being "troublemakers" working against the manager (KIL SOO LEE), and of threatening the official. The official represented to the police that the workers would be arrested for their disrespect if they were still in Vietnam, and recommended that the officer jail them until they admitted their "mistakes."

q.  In or about November 2000, defendant KIL SOO LEE met

with defendant VIRGINIA SOLIA'I and a Samoan Daewoosa manager known to the grand jury, and authorized them to have the Vietnamese workers beaten if they did not work or disobeyed orders, in order to ensure that an important production deadline was met.

r.   In November 2000, LEE met with the male Vietnamese workers and told them that he needed them to work harder or he would shut the factory down, and they would be alone and would have to get back to Vietnam on their own.

s.   In or about November 2000, defendant VIRGINIA SOLIA'I and a Samoan Daewoosa manager known to the grand jury met with Samoan workers in the Daewoosa compound and informed them that they had been given authorization by defendant KIL SOO LEE to have the Samoan workers beat the Vietnamese laborers if the Vietnamese did not work or disobeyed orders.

t.   On or about November 15, 2000, a Samoan Daewoosa manager known to the grand jury threatened to hit LNH, a 36 year-old male Vietnamese garment worker, while LNH was not working because his machine had broken.

u.   On or about November 27, 2000, KIL SOO LEE ordered that the sewing lines be rearranged, placing workers who had been attending court proceedings and who he blamed for work slowdowns, including TTLQ, then a 21 year-old female Vietnamese garment worker, into one line.

v.  On or about November 28, 2000, a Samoan Daewoosa manger known to the grand jury reported to defendants KIL SOO LEE and VIRGINIA SOLIA'I that TTLQ was not working.

w.  On or about November 28, 2000, in response to the report of a Samoan Daewoosa manager known to the grand jury that a woman was not working, defendant KIL SOO LEE directed the Samoan Daewoosa manager to beat Vietnamese workers who did not work or follow directions, and informed the manager that he (LEE) would take responsibility if a Vietnamese worker were to die as a result.

x.  On or about November 28, 2000, in response to KIL SOO LEE's orders, a Samoan Daewoosa manager, known to the grand jury, instructed the Samoan workers in the Daewoosa factory that KIL SOO LEE had authorized the beating of the Vietnamese workers and to ready themselves for the beating.

y.  On or about November 28, 2000, in response to KIL SOO LEE's orders, a Samoan Daewoosa manager, known to the grand jury, dragged TTLQ from her workstation, starting an altercation in which Samoan workers known to the grand jury, acting at his direction, beat the Vietnamese workers, resulting in serious bodily injury to TTLQ, whose eye was destroyed by the beating, and to NTQ, then a 31 year-old male Vietnamese garment worker, who suffered permanent hearing loss and bodily injury to other Vietnamese workers, including HTH, then a 30 year-old female Vietnamese garment worker, and AVT, then a 24 year-old male

-12-

Vietnamese garment worker.

z.  On or about November 29, 2000, defendant VIRGINIA SOLIA'I and a Daewoosa manager known to the grand jury met with Samoan workers and instructed them to fill out false reports for the Samoan Police by omitting details of how the beating started and who was responsible for destroying TTLQ's eye, and to falsely report that the Samoan factory workers had acted in defense of self or others in the face of attack by scissor-wielding Vietnamese workers.

All in violation of Title 18, United States Code, Section 241.

The Grand Jury further charges:

### COUNTS 2 THROUGH 8

(Involuntary Servitude)

In or about the dates listed below as to each count, within the Territory of American Samoa, and elsewhere, defendants listed below as to each count and others known and unknown to the grand jury, aiding and abetting one another, in the Daewoosa compound in American Samoa and elsewhere, did knowingly and willfully hold the below listed garment workers to a condition of involuntary servitude for a term, in violation of Title 18, United States

/
/
/

Code, Section 1584 and Title 18, United States Code, Section 2 as follows:

| COUNT | DEFENDANTS | VICTIM | DATE (IN/ABOUT) |
|---|---|---|---|
| 2 | KIL SOO LEE<br>ROBERT ATI MALALA | BGH | March and April 1999 |
| 3 | KIL SOO LEE<br>ROBERT ATI MALALA | BTT | March and April 1999 |
| 4 | KIL SOO LEE<br>ROBERT ATI MALALA | NTT-1 | March and April 1999 |
| 5 | KIL SOO LEE<br>ROBERT ATI MALALA | NTT-2 | March and April 1999 |
| 6 | KIL SOO LEE<br>ROBERT ATI MALALA | DTG | March and April 1999 |
| 7 | KIL SOO LEE<br>ROBERT ATI MALALA | LBT | March and April 1999 |
| 8 | KIL SOO LEE<br>ROBERT ATI MALALA | VTH | March and April 1999 |

### COUNTS 9 THROUGH 18

(Involuntary Servitude)

In or about November 2000, within the Territory of American Samoa, and elsewhere, defendants, listed below as to each count and others known and unknown to the grand jury, aiding and abetting one another, in the Daewoosa compound in American Samoa and elsewhere, aiding and abetting each other, did knowingly and willfully hold, and did attempt to knowingly and willfully hold, the below listed workers to a condition of involuntary servitude for a term, in violation of: Title 18, United States Code, Section 1584; Title 18, United States Code, Section 1594;

and Title 18, United States Code, Section 2, as follows:

| COUNT | DEFENDANTS | VICTIM | DATES (ON/ABOUT) |
|---|---|---|---|
| 9 | KIL SOO LEE VIRGINIA SOLIA'I | TTLQ | November 28, 2000 |
| 10 | KIL SOO LEE VIRGINIA SOLIA'I | NTQ | November 28, 2000 |
| 11 | KIL SOO LEE VIRGINIA SOLIA'I | NTT-3 | November 28 through December, 2000 |
| 12 | KIL SOO LEE VIRGINIA SOLIA'I | VTQ | November 28-30, 2000 |
| 13 | KIL SOO LEE VIRGINIA SOLIA'I | LNH | November 28-30, 2000 |
| 14 | KIL SOO LEE VIRGINIA SOLIA'I | VTT | November 28-30, 2000 |
| 15 | KIL SOO LEE VIRGINIA SOLIA'I | NLV | November 28-30, 2000 |
| 16 | KIL SOO LEE VIRGINIA SOLIA'I | HTH | November 28-30, 2000 |
| 17 | KIL SOO LEE VIRGINIA SOLIA'I | PTT | November 28-30, 2000 |
| 18 | KIL SOO LEE VIRGINIA SOLIA'I | NTT-4 | November 28-30, 2000 |

## COUNT 19

(Extortion)

1. The Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2. In or about Summer 1999, the United States Department of Labor assessed back wages against Daewoosa Samoa, Ltd., as a result of a Wage/Hour investigation of underpayment of laborers

in the Daewoosa Samoa garment factory making clothing for interstate shipment.

3. On or about September 9, 1999, the United States government issued a check in the approximate amount of $2274.35 to LBT, a laborer who had been working at the Daewoosa garment factory. This check was issued as restitution for Daewoosa's underpayment of LBT for her work at the factory.

4. In or about September 1999, within American Samoa, a territory of the United States, defendant KIL SOO LEE did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant KIL SOO LEE unlawfully obtained a US Treasury check in the amount of $2274.35 not due defendant KIL SOO LEE from LBT, with her consent, induced by fear.

All in violation of Title 18, United States Code, Section 1951.

### COUNT 20

(Money Laundering)

On or about September 28, 1999, within American Samoa, a Territory of the United States, defendant KIL SOO LEE, knowing that property involved in a financial transaction represented the proceeds of some form of unlawful activity; to wit, the violation of 18 U.S.C. § 1951 (Extortion) charged in Count 19 - such

property having been derived from the charged extortionate conduct - conducted and attempted to conduct a financial transaction affecting interstate or foreign commerce which involved the proceeds of such specified unlawful activity with the intent to promote the carrying on of such specified unlawful activity; to wit, Defendant KIL SOO LEE caused to be deposited in in the Amerika Samoa Bank a United States Treasury check, in the amount of $2274.35, that he had wrongfully obtained from Vietnamese garment worker LBT.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNT 21

(False Statement to Financial Institution - Overvaluation)

On or about August 10, 1999, within American Samoa, a territory of the United States, defendant KIL SOO LEE knowingly and willfully overvalued land, property, and security for the purpose of influencing an action of the Bank of Hawaii, an institution the accounts of which are insured by the Federal Deposit Insurance Corporation, upon an application; to wit, defendant KIL SOO LEE certified to Bank of Hawaii, as a representative of Daewoosa Samoa, Ltd., that the factory, associated machinery, and equipment owned by Daewoosa Samoa, Ltd., in an Industrial Park in Tafuna, Territory of American Samoa, were worth $5,910,813.00 so that Bank of Hawaii would give

Daewoosa Samoa, Ltd., a loan of $500,000.00, whereas defendant KIL SOO LEE knew that the true value of the factory was materially less.

All in violation of Title 18, United States Code, Section 1014.

### COUNT 22

(Bribery of a Bank Official)

In or about August 1999, within American Samoa, a territory of the United States, defendant KIL SOO LEE did knowingly and corruptly give and offer something of value; to wit: a sum of money, greater than $1,000, to BAS, a manager with the Bank of Hawaii, a financial institution, with the intent to influence and reward BAS in connection with an application to the Bank of

/
/
/
/
/
/
/
/
/
/
/
/
/

Hawaii for a loan of $500,000.00 to Daewoosa Samoa, Ltd, a transaction of such institution.

All in violation of Title 18, United States Code, Section 215(a)(1).

DATED: August 30, 2001, Honolulu, Hawaii

A TRUE BILL.

/s/

FOREPERSON, GRAND JURY

---
ELIOT ENOKI
United States Attorney
District of Hawaii

RALPH F. BOYD, JR.
Assistant Attorney General
Civil Rights Division

---
KENNETH M. SORENSON
Assistant U.S. Attorney

BY: 
LOU DE BACA
Special Litigation Counsel
Criminal Section

Susan French by R/Moossy
SUSAN FRENCH
Trial Attorney
Criminal Section

ROBERT MOOSSY
Trial Attorney
Criminal Section